1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
          ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ALCARAZ, individually and on behalf of all others similarly situated,<br><br>                                        Plaintiff,<br><br>        v.<br><br>STUBHUB, INC.,<br><br>                                        Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

CLASS ACTION COMPLAINT

Plaintiff Jason Alcaraz ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant StubHub, Inc. ("StubHub" or "Defendant").  Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## FACTS COMMON TO ALL CAUSES OF ACTION

1.     Defendant StubHub, Inc. operates the world's largest ticket marketplace.  It is a place where people can buy and sell tickets to sporting events, concerts, theater and other entertainment events.  StubHub offers tickets to live events in more than 40 countries.  In 2019, a company named Viagogo purchased StubHub for $4.05 billion.  StubHub brags that it has "revolutionized secondary ticket sales by providing fans a safe, transparent, and trusted marketplace to buy and sell tickets online."

2.     Unfortunately, during the COVID-19 crisis, StubHub has abandoned its customers and chosen not to provide refunds for tickets to events that have been cancelled.  That decision is particularly reprehensible since so many of StubHub's customers have lost their jobs and are suffering severe and unexpected financial hardship during this crisis.

3.     For years, StubHub has touted its "industry leading FanProtect Guarantee."  The FanProtect Guarantee ensured that **"[y]ou'll get a refund if your event is cancelled and not rescheduled."**  (emphasis added).  On February 26, 2020, at a hearing before the House of Representatives Committee on Energy and Commerce, Stephanie Burns, StubHub's Vice President and General Counsel, testified that "StubHub's FanProtect Guarantee is the hallmark of our business and it is why we have earned the trust of fans around the globe."[1]

4.     Initially during the COVID-19 crisis, it appeared that StubHub was going to do the right thing and continue to provide refunds to its customers who purchased tickets to cancelled

---

[1] 2/26/20 Testimony of Stephanie Burns, StubHub's Vice President and General Counsel to the House of Representatives Committee on Energy and Commerce and the Subcommittee on Oversight and Investigations.  https://docs.house.gov/meetings/IF/IF02/20200226/110588/HHRG-116-IF02-Wstate-BurnsS-20200226.pdf

events.  On March 7, 2020, Sukhinder Singh Cassidy, StubHub's President, emailed StubHub customers and informed them that "If you bought tickets on StubHub to an event that is cancelled, you have two options: 1. **Receive a full refund of your purchase.** 2.  Receive a coupon for 120% of your original purchase."

If you bought tickets on StubHub to an event that is cancelled, you have two options:
1. **Receive a full refund of your purchase**
2. **Receive a coupon for 120% of your original purchase\***
We are working directly with our many partners, event organizers, leagues and teams around the world. As soon as we hear of cancellations we will immediately notify you by email with details.

We understand that this is a challenging time and our **award-winning customer service** is on standby to help with any issues or concerns. Visit our FAQ for more details.

Thank you for being a StubHub customer.

*Sukhind*

Sukhinder Singh Cassidy
President of StubHub

*\* Coupon can be applied to any event in the same currency as the original order within 12 months. StubHub may modify or discontinue offer without notice. Void where prohibited.*

     5.      Unfortunately, just a few weeks later, StubHub backtracked from its FanProtect Guarantee and its promise to give customers a refund.  On or about April 10, 2020, StubHub announced that it would no longer offer refunds for cancelled events and instead "add a coupon worth 120% of your original order to your StubHub account."[2]

When an event is **canceled**:
- You don't need to contact us; we'll email you to confirm
- We'll add a coupon worth 120% of your original order to your StubHub account. You can apply this coupon to one or multiple StubHub orders in the same currency until Dec. 31, 2021. Just choose the coupon at checkout when you order.

If you received a coupon for 120% that expires in 12 months, don't worry! We are extending all 120% coupons to be valid until **Dec. 31, 2021.**

//

//

//

//

//

---

[2] https://stubhub.custhelp.com/app/answers/answer_view/a_id/1001856/categoryRecordID/RN_CATEGORY_429/categorySelected/RN_CATEGORY_429

6.      Numerous customers have complained about StubHub's decision to not provide refunds on StubHub's community forums and elsewhere.  For instance, one user named Alhellmann denounced Defendant's refusal to give refunds, writing:[3]

## Cancelled event

I purchased tickets to Snoh Aalegra tour which has since been canceled. I have not received any emails from you regarding this specific event since it was just "postponed"; I have not received or been able to access my 120% coupon; I have not received a response from the last time I inquired about this; and finally, I think it's disgusting and immoral that at the time I ordered these tickets, your refund policy was 100% on canceled events, yet you changed your policy at the last minute to cover your own asses. Step up your customer service please and let us know when our refunds will be available. I'm unemployed due to this virus and I have no interest in a coupon I won't be able to use until fall 2021.

7.      Another user named MHCran wrote:[4]

## How do I change my 120% coupon to a full refund

On March 12th I recieved an email from StubHub stating:
"If you buy tickets on StubHub to an event that is canceled, you have the option to receive a **coupon worth 120% of your original order** to go to the live event of your choosing within the next 12 months. Alternatively, you can choose to receive a full refund for the original order amount (including service and delivery fees) to the original payment method."
My event was not yet cancelled but I saved the email for future reference.

Yesterday (April 12) I recieved another email from Stubhub notifying me that my event had been cancelled and I was given an access code for my coupon worth 120% of my original order. However, I do not want a coupon I would like a full refund since I was told I would have the choice between those two options.

How do I swap my 120% coupon for a full refund in order to avoid contacting my credit card company?

---

[3] https://stubhub.community/t5/Buying-and-Purchased-tickets/Cancelled-event/m-p/103683

[4] https://stubhub.community/t5/Buying-and-Purchased-tickets/How-do-I-change-my-120-coupon-to-a-full-refund/m-p/103560#M16896

8.      Another user named Furrypaws complained:[5]

# MLB spring training cancelled games

I had tickets for 3 MLB spring training games that were cancelled. You emailed me with the 120% coupon or full refund. I chose full refund and your email indicated refund to my method of payment within 2-3 weeks. It is now a month past and still no refund????? Why the holdup and not following what you promised????

9.      Yet another disappointed user named meghandean wrote:[6]

# Houston Rodeo Cancelled - Refund NOT Received

I was notified by StubHub on March 14th that I'd be refunded for the four tickets I bought for two concerts (two per concert) in 2-3 weeks. It's now been a month and no refund or word from StubHub. I am currently on hold with StubHub to ask about this and have been for an hour. I was on hold for over an hour yesterday and finally just had to hang up... Anyone have any updates on this?

10.     Another user named jmatyniak criticized Defendant's policy change:[7]

# Refund policy

I don't understand how Stubhub can change its Refund policy on the fly?
When I purchased tickets back in November they were 100% refundable on cancelation! The policy should stand from time of purchase.
I have a $3500 ticket purchase pending and I can't get any type of update from Stubhub, even though its widely known the event has been canceled.
Why is that?

//

//

//

---

[5] https://stubhub.community/t5/Account-and-Settings/MLB-spring-training-cancelled-games/td-p/103655#

[6] https://stubhub.community/t5/Buying-and-Purchased-tickets/Houston-Rodeo-Cancelled-Refund-NOT-Received/td-p/103580

[7] https://stubhub.community/t5/Buying-and-Purchased-tickets/Refund-policy/td-p/103551

11.     Another user named Tfrye stated:[8]

# UFC 249 refund

I have been looking through my e-mails. I dont see anything about a refund. I talked to the bot and it says something about a 120% refund in points. That IS NOT what I need for a refund. I need a cash refund back into my account. I tried contacting Barclay Center with no answer. With the covid-19 crisis, people need theyre accounts credited.

12.     Another user named ticket_holder19 bemoaned StubHub's refusal to provide a refund:[9]

# Re: Refund for Canceled Concert

I have the same issue. Never got email from Stubhub that event was cancelled even though it is. Joel Osteen May 2nd at Yankee Stadium. He announced it was cancelled. I've been emailing Stubhub with no answer for over a week. I want a refund like I was promised.

13.     Plaintiff seeks relief in this action individually, and on behalf of all of Defendant's customers nationwide that have not received a refund for an event that was cancelled.  Plaintiff asserts claims for Defendant's violations of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq*., Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq*., False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq*., for breach of express warranties, negligent misrepresentation, fraud, unjust enrichment, money had and received, and breach of contract.

## PARTIES

14.     Plaintiff Jason Alcaraz is a citizen of California, residing in Huntington Beach.  On or about March 6, 2020, Mr. Alcaraz purchased two tickets on StubHub for $145.42 to the March 12, 2020 Flogging Molly concert at Harrah's Southern California Resort in Valley Center,

---

[8] https://stubhub.community/t5/Buying-and-Purchased-tickets/UFC9-refund/td-p/103656

[9] https://stubhub.community/t5/Buying-and-Purchased-tickets/Refund-for-Canceled-Concert/td-p/102931

California.  Mr. Alcaraz's purchase was covered by StubHub's FanProtect Guarantee.  Shortly thereafter, Harrah's cancelled the March 12 Flogging Molly concert due to COVID-19.  Rather than honor its FanProtect Guarantee, StubHub has refused to give Mr. Alcaraz a refund and has instead only offered him a 120% credit to his account.

15.     Defendant StubHub, Inc. is a Delaware corporation located and headquartered in San Francisco, California.

### JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, and most members of the proposed nationwide class are citizens of states different from the states of Defendant.

17.     This Court has general jurisdiction over Defendant because it is headquartered in this District. Further, the Court has general jurisdiction over Defendant because it conducts substantial business within California such that Defendant has significant, continuous, and pervasive contacts with the State of California.

18.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the challenged fee practices have been committed in this District and Defendant is headquartered in this District.

### CLASS ALLEGATIONS

19.     Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a class consisting of all persons in the United States who purchased event tickets through StubHub for an event that was cancelled (the "Class").

20.     Plaintiff also seeks to represent a subclass defined as all members of the Class who are California residents (the "California Subclass").

21.     Plaintiff reserves the right to amend or modify the class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

22.     Excluded from the Class are the Defendant, the officers and directors of the Defendant at all relevant times, members of its immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest.

23.     Plaintiff is a member of the Class and California Subclass he seeks to represent.

24.     Defendant has millions of customers nationwide that have purchased tickets to events that have since been cancelled.  Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

25.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to, whether Defendant has breached its contract with its customers and whether its actions are fraudulent and unlawful.

26.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendant's false and misleading advertising and was not given a refund for tickets he purchased to a Flogging Molly concert that was cancelled and suffered losses as a result.

27.     Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the Class members Plaintiff seek to represent, Plaintiff has retained competent counsel experienced in prosecuting class actions, and Plaintiff intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

28.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases

the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**Violation of California's Consumers Legal Remedies Act,**
**California Civil Code §§ 1750, _et seq._**
**(Injunctive Relief Only)**

29.  Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

30.  Plaintiff brings this claim individually and on behalf of members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of members of the proposed California Subclass against Defendant.

31.  Plaintiff and Class members are consumers who purchased tickets from Defendant for personal, family or household purposes.  Plaintiff and the Class are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).

32.  Defendant's ticket sales to Plaintiff and Class members are a "service" within the meaning of Cal. Civ. Code § 1761(b).

33.  Defendant's actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of services to consumers.

34.  Defendant sold tickets to Plaintiff and the Class members with the FanProtect Guarantee promising to provide a refund if the event was cancelled.

35.  California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses,

benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." By engaging in the conduct set forth herein, Defendant violated and continue to violate Section 1770(a)(5) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresent the particular characteristics, benefits and quantities of the services.

36.   Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(7) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresents the particular standard, quality or grade of the services.

37.   Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(9), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant advertises services with the intent not to sell the services as advertised.

38.   Plaintiff and the Class acted reasonably when they purchased tickets from Defendant on the belief that Defendant's representations were true and lawful.

39.   Plaintiff and the Class suffered injuries caused by Defendant because (a) they would not have purchased tickets from StubHub absent Defendant's representations that they would get a refund if the event was cancelled; (b) they paid a price premium for tickets they purchased from Defendant based on Defendant's misrepresentations; and (c) Defendant's ticket sales did not have the characteristics, benefits, or quantities as promised.

40.   Under California Civil Code § 1780(a), Plaintiff and members of the Class seek injunctive and equitable relief for Defendant's violations of the CLRA. Plaintiff has mailed an appropriate demand letter consistent with California Civil Code § 1782(a). If Defendant fails to

take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend his complaint to include a request for damages as permitted by Civil Code § 1782(d).

41.     Wherefore, Plaintiff seeks injunctive and equitable relief for these violations of the CLRA.

**COUNT II**
**Violation of California's Unfair Competition Law,**
**California Business & Professions Code §§ 17200, _et seq_.**

42.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

43.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of members of the proposed California Subclass against Defendant.

44.     Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, _et seq_.  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

45.     Defendant's advertising that it would provide refunds to purchasers if an event was cancelled was false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact now refuses to provide refunds for tickets to events that have been cancelled.

46.     Defendant's business practices, described herein, violated the "unlawful" prong of the UCL by violating the CLRA and the FAL and other applicable law as described herein.

47.     Defendant's business practices, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.  Defendant's refusal to refund money for tickets to events that have been cancelled is of no benefit to consumers.

48.     Defendant violated the fraudulent prong of the UCL by misleading Plaintiff and the Class to believe that they would only receive a refund for tickets purchased from StubHub to an event that was cancelled.

49.     Plaintiff and the Class acted reasonably when they purchased tickets from StubHub based on the belief that they would receive a refund if the event was cancelled.

50.     Plaintiff and the Class lost money or property as a result of Defendant's UCL violations because (a) they would not have purchased tickets from StubHub absent Defendant's representations that it would provide refunds if the event was cancelled; (b) they would not have purchased tickets on the same terms absent Defendant's representations; (c) they paid a price premium for tickets based on Defendant's misrepresentations; and (d) Defendant's ticket sales did not have the characteristics, benefits, or quantities as promised.

## COUNT III
### Violation of California's False Advertising Law,
### California Business & Professions Code §§ 17500, *et seq.*

51.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

52.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

53.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

54.     Defendant advertised and promoted its FanProtect Guarantee and promising to give refunds to its customers if events are cancelled.  Defendant's advertisements and inducements were

made in and originated from California and come within the definition of advertising as contained in Bus. & Prof. Code § 17500, *et seq*. in that the FanProtect Guarantee was intended to induce consumers to purchase tickets from Defendant.  Defendant knew that those statements were false and misleading when it changed its policy to not offer refunds for events that were cancelled.

55.     Defendant's advertising that it would provide refunds for events that were cancelled was false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact refused to provide refunds to ticket purchasers for events that were cancelled.

56.     Defendant violated § 17500, *et seq*. by misleading Plaintiff and the Class to believe that they would receive refunds for events that were cancelled.

57.     Defendant knew or should have known, through the exercise of reasonable care that its advertising that it would provide refunds for cancelled events was false and misleading. Further, Defendant knew or should have known that it was breaching its contracts with its customers by refusing to provide refunds for tickets for events that have been cancelled.

58.     Plaintiff and the Class lost money or property as a result of Defendant's FAL violation because (a) they would not have purchased tickets from StubHub absent Defendant's representations that it would provide refunds if the event was cancelled; (b) they would not have purchased tickets on the same terms absent Defendant's representations; (c) they paid a price premium for tickets based on Defendant's misrepresentations; and (d) Defendant's ticket sales did not have the characteristics, benefits, or quantities as promised.

## COUNT IV
### Breach of Express Warranty

59.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

60.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

61.     In connection with the sale of tickets and as part of its FanProtect Guarantee, Defendant issued an express warranty that it will provide refunds if the event is cancelled.

62.     Defendant's affirmation of fact and promise in Defendant's marketing became part of the basis of the bargain between Defendant and Plaintiff and Class members, thereby creating express warranties that the services would conform to Defendant's affirmation of fact, representations, promise, and description.

63.     Defendant breached its express warranty because Defendant refuses to provide refunds for events that have been cancelled.

64.     Plaintiff and the Class members were injured as a direct and proximate result of Defendant's breach because: (a) they would not have purchased tickets from StubHub absent Defendant's representations that it would provide refunds if the event was cancelled; (b) they would not have purchased tickets on the same terms absent Defendant's representations; (c) they paid a price premium for tickets based on Defendant's misrepresentations; and (d) Defendant's ticket sales did not have the characteristics, benefits, or quantities as promised.

## COUNT V
### Negligent Misrepresentation

65.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

66.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

67.     As discussed above, Defendant misrepresented that it provides refunds for tickets purchased for events that are cancelled.  However, Defendant in fact refuses to provide refunds for tickets to events that are cancelled.

68.     At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

69.     At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about its ticket refund policy.

70.     The negligent misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase tickets from Defendant.

71.     Plaintiff and Class members would not have purchased tickets from Defendant or would not have purchased the tickets on the same terms, if the true facts had been known.

72.     The negligent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VI
### Fraud

73.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

74.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

75.     As discussed above, Defendant misrepresented that it provides refunds for tickets to events that are cancelled.  However, Defendant in fact does not provide refunds to events that are cancelled.  These misrepresentations and omissions were made with knowledge of their falsehood.

76.     The misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase tickets from Defendant.

77.     The fraudulent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VII
### Unjust Enrichment

78.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

79.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

80.     Plaintiff and members of the Class conferred benefits on Defendant by purchasing tickets for events that were subsequently cancelled and where Defendant failed to refund the purchase price.

81.     Defendant has knowledge of such benefits.

82.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' ticket purchases.  Retention of those moneys under these circumstances is unjust and inequitable because Defendant is refusing to provide refunds for events that were cancelled.  These misrepresentations and charges caused injuries to Plaintiff and members of the Class because they would not have purchased tickets from Defendant had the true facts been known.

83.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and members of the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

**COUNT VIII**
**Money Had and Received**

84.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

85.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

86.     Defendant received money from Plaintiff and the Class from ticket purchases for events that were later cancelled, and the money from those ticket purchases has not been given back or refunded to Plaintiff and the Class.

87.     Defendant has retained all of the money from tickets purchased by Plaintiff and the Class for cancelled events.

## COUNT IX
**Breach of Contract**

88.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

89.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

90.     Defendant entered into contracts with Plaintiff and Class members to provide tickets to events in exchange for payment of money.  As part of the contract, Defendant included the FanProtect Guarantee that promised to refund money for tickets to events that are cancelled. Defendant has breached these contracts by not providing refunds for tickets to cancelled events. Plaintiff and Class members have suffered an injury through the payment of money for tickets to events that were cancelled.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a)  For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

b)  For an order certifying the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the California Subclass and Plaintiff's attorneys as Class Counsel to represent the California Subclass members;

c)  For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

d)   For an order finding in favor of Plaintiff, the Class, and the California Subclass, on all counts asserted herein;

e)   For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

f)   For prejudgment interest on all amounts awarded;

g)   For an order of restitution and all other forms of equitable monetary relief;

h)   For injunctive relief as pleaded or as the Court may deem proper; and

i)   For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

### **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of all issues so triable.

Dated:  April 14, 2020

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:___*/s/ L. Timothy Fisher*___
L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
          ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL  33133
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, L. Timothy Fisher, declare as follows:

      1.      I am an attorney at law licensed to practice in the State of California and I am member of the bar of this Court.  I am a partner at Bursor & Fisher, P.A., counsel of record for Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

      2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in this District.

      3.      I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at Walnut Creek, California this 14th day of April, 2020.

                                                  */s/ L. Timothy Fisher*
                                                L. Timothy Fisher